UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JORGE LEONARD GARCIA,

       Petitioner,

v.

                                        Case No. 3:26-cv-215-MMH-LLL

WARDEN, BAKER COUNTY JAIL, and
U.S. ATTORNEY GENERAL,

       Respondents.

_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

This cause is before the Court on a Petition for Writ of Habeas Corpus (Doc. 1; Petition) filed by Yasuney Leonard as daughter and next friend of Jorge Leonard Garcia, an immigration detainee. See Petition at 9.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this statutory provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action himself. See Whitmore v. Arkansas, 495 U.S. 149, 162 (1990). However, "'next friend' standing is by no means granted automatically . . . ." Id. at 163. The would-be next friend must provide an adequate explanation for the necessity of the designation—such as the real party's mental incompetence or

lack of access to the courts—and show that she is truly dedicated to the interests of the real party. Id.

Here, Leonard does not demonstrate that "next friend" status is appropriate. There is no indication that Garcia is mentally incompetent or has been denied access to the courts. Because Leonard does not demonstrate the propriety of "next friend" status, she lacks standing to initiate this action on Garcia's behalf. See Francis v. Warden, FCC Coleman-USP, 246 F. App'x 621, 622 (11th Cir. 2007)[1] ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition."); Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978)[2] ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Moreover, even if there was next-friend status, Leonard does not claim to be an attorney. Therefore, she cannot represent her father in this action. See Grappell v. Carvalho, 847 F. App'x 698, 701 (11th Cir. 2021) (per curiam) ("While individuals in federal court generally may 'may plead and conduct their own cases personally,' . . . the right to appear pro se does not extend to non-attorney parties representing the interests of others." (internal citation and alterations omitted)); Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009) (non-attorney next friend must be represented by an attorney in order to represent incompetent litigant).

Accordingly, it is **ORDERED**:

1.     The Petition (Doc. 1) is **DISMISSED without prejudice**.

2.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3

3.    The **Clerk** shall send Garcia a blank petition for writ of habeas corpus form for use in § 2241 cases. If Garcia chooses to refile his claims, he may do so on the enclosed form. He should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of March, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 3/9
c:    Jorge Leonard Garcia, #A240287505

4